IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


PHILLIP HARRISON                                                                PETITIONER

v.                                    Case No. 4:13-cv-04091

RAY HOBBS, Director,                                                            RESPONDENT
Arkansas Department of Corrections

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Phillip Harrison ("Harrison"), who is proceeding *pro se*. Harrison is no longer incarcerated.[1] On October 1, 2013, Harrison filed this Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent was served with a copy of the Petition and has responded to it. ECF No. 9. The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition, the Response, and all exhibits submitted in this case and finds as follows:

**A.      Procedural Background**:[2]

On April 12, 2011, Harrison pled guilty to two counts of theft of property in Miller County Circuit Court. On that date, he was also sentenced to a term of 72 months in the Arkansas Department of Corrections and a suspended imposition of sentence of 48 months. Harrison did not appeal his convictions.

---

[1] However, despite not being incarcerated, Respondent admits Harrison is in his custody pursuant to his felony convictions and sentences. ECF No. 9 at 2. Harrison must be "in custody" to file this 28 U.S.C. § 2254 action.

[2] The procedural background is taken from the Petition, Response, the attached exhibits, and matters of public record regarding this case.

On September 9, 2011, Harrison filed in Miller County Circuit Court a *pro se* petition for post-conviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. In that Rule 37.1 petition, Harrison raised the following claims:

1. The state failed to bring him before the court "in a timely manner" which caused "substantial prejudice to his right to a fair trial";

2. He was unaware of any trial date from August 2007 until his arrest on March 10, 2011;

3. The state failed to respond to his correspondence;

4. The state was time-barred in its prosecution;

5. He was denied effective assistance of counsel;

6. He was denied a speedy trial;

7. He did not "knowingly or intelligently plead guilty" to theft of property; and

8. His counsel was ineffective for failing to object at the sentencing phase of the case.

ECF No. 9-2.

On October 4, 2011, the circuit court entered an order denying his Rule 37.1 petition as untimely. Harrison appealed that denial to the Arkansas Supreme Court. On April 5, 2012, the Arkansas Supreme Court dismissed Harrison's appeal because his Rule 37.1 petition was not timely filed. *See Harrison v. State,* 2012 Ark. 149 (2012).

Over one year later, on October 1, 2013, Harrison filed the present Petition for federal *habeas corpus* relief under 28 U.S.C. § 2254. ECF No. 1. In this Petition, he claims: (1) his due process rights and his right to a speedy trial were violated; (2) he was not provided notice of any date to appear between August 2007 and the date he was arrested on March 10, 2011; (3) he was not provided notice of his trial date; and (4) his trial counsel was ineffective. *Id.*

B. **Discussion**:

Upon review, the Court finds all of Harrison's claims are barred both because (1) this Petition was filed after the one-year statute of limitations; and (2) he procedurally defaulted on his claims. The Court will address both of these issues.

1. **One-Year Statute of Limitations**

Harrison's Petition is barred by the one-year statute of limitations. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations: (1) Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed: (3) Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The relevant triggering date for the one-year statute of limitations in this case is the first category: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is generally triggered

by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). The United States Supreme Court has recently addressed this provision as it relates to a state court conviction:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. *For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.* We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S. ____, 132 S.Ct. 641, 653-54 (2012) (emphasis added). In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court and does not appeal his conviction, his conviction becomes final when the time for pursuing his state court direct appeal expires. In Arkansas, a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal. *See* ARK.R.APP.P.–CRIM. 2(a).

In the present action, Harrison did not seek a writ of *certiorari* and did not appeal his conviction. Under Arkansas law, Harrison had thirty days to file his notice of appeal. Accordingly, for purposes of AEDPA, Harrison's conviction became final on May 12, 2011, thirty days after he was convicted. Under AEDPA, Harrison then had one year or until May 12, 2012 to file this Petition. He did not file this Petition until October 1, 2013. Thus, this Petition is time-barred unless

either (1) statutory or (2) equitable tolling applies. The Court will address both types of tolling.

### 2. Statutory Tolling

Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

Harrison filed his petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 on September 9, 2011. ECF No. 9-2. This petition was dismissed by the trial court and held untimely by the Arkansas Supreme Court on April 5, 2012. *See Harrison v. State,* 2012 Ark. 149 (2012).

Because Harrison's Rule 37.1 petition was untimely, it was not a "properly filed application." Thus, the AEDPA statute of limitations is not tolled. Indeed, the United States Supreme Court has addressed this precise issue and determined that "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). The Eighth Circuit has followed *Pace*, holding that an untimely filed Rule 37.1 petition in Arkansas state court did not toll the AEDPA's one-year statute of limitations. *See Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (holding "Walker did not properly file his Rule 37 petition within the meaning of section 2244(d)(2), and accordingly, Walker's Rule 37 petition did not toll the AEDPA's one-year statute of limitations."). Thus, Section 2244(d)(2) is inapplicable to the Petition in this case, and the statute of limitations is not tolled under this provision. Harrison's current petition is therefore untimely unless the statute of limitation should be equitably tolled.

### 3. Equitable Tolling

While Harrison does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue. The United States Supreme Court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, 560 U.S. 631, 645 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.").

"'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008)(citations omitted). Here, Harrison raises no "extraordinary" circumstances justifying his failure to timely file this Petition. ECF No. 1 at 13. He does not assert that some circumstance beyond his control made it impossible to file the instant Petition before the expiration of the one-year limitation period. Accordingly, equitable tolling is inapplicable in this case.

**4.     Procedural Default**

Even if he had timely filed this Petition, Harrison has still procedurally defaulted on his claims. A federal court is precluded from considering a *habeas corpus* claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004), *citing Reagan v. Norris*, 279 F.3d 651, 656

(8th Cir.2002). A state prisoner is procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. *See id.*

If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[3]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Here, Harrison did not appeal his conviction, and his Rule 37.1 Petition was denied as untimely. Thus, Harrison has not presented the claims he raises in his current Petition to the state courts. Absent some excuse, Harrison has procedurally defaulted on all of his claims. *See Coleman*, 501 U.S. at 750. As noted above, there are two excuses for a procedural default: cause and prejudice and actual innocence. In this case, however, Harrison has made no attempt to meet those standards. *See Murphy v. King,* 652 F.3d 845, 850 (8th Cir. 2011) (requiring the petitioner to show cause and prejudice or actual innocence or a "fundamental miscarriage of justice"). Accordingly, the Court finds he procedural defaulted on his claims. Equitable tolling is inapplicable.

---

[3]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

C.  **Conclusion**:

All of Harrison's claims are time-barred. Under the AEDPA one-year statute of limitations, Harrison was required to file this Petition by May 12, 2012. Harrison did not file the current Petition until October 1, 2013. Thus, it was untimely. Further, even if this Petition had been timely filed, Harrison has procedurally defaulted and is barred from *habeas* review.

D.  **Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.[4]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **12th day of June 2014.**

> /s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).